UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JOEL B. ATTIA | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:20CV211-LG-RPM |
| DAVID JACKSON et al | DEFENDANTS |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

This matter is before the Court *sua sponte* for consideration of Plaintiff Joel B. Attia's *pro se* complaint filed on June 26, 2020, and motions to amend his complaint. Doc. [1] [10] [16] [22]. By order of August 20, 2020, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Doc. [2]. In his complaint, Plaintiff alleged unspecified violations of the Eighth Amendment. Doc. [1] at 6. He sought $3 billion in damages based on his right to be "free from cruel and unusual punishment, Federal HIPPA [sic] rights, and Federal Privacy Act, bodily and mental hurt & health." *Id.* at 7. The Court found Plaintiff's allegations were insufficient to state a viable federal claim. Doc. [6]. Accordingly, the Court directed Plaintiff to file an amended complaint alleging specific facts in support of the alleged violations of his constitutional rights. Plaintiff has filed three motions seeking to add parties and claims.

Federal courts are courts of limited jurisdiction. Unlike state courts, federal courts have no inherent or general subject-matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: Those involving diversity of citizenship, federal question, or where the United States is a party to an action. *Kokkonen v. Guardian Life Insur. Co.*, 511 U.S. 375, 377 (1994). Federal courts are presumptively without

jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Plaintiff has failed to meet this burden.

In the original complaint, Plaintiff does not allege a federal question. Although he cites to HIPAA violations, HIPAA does not confer subject-matter jurisdiction. *See Akins v. Liberty County, Tex.*, 2011 WL 676954, at *5 (E.D.Tex. Feb. 15, 2011). Plaintiff also cites to the Eighth Amendment's prohibition on cruel and unusual punishment. However, this does not confer jurisdiction either, because the Eighth Amendment prohibition applies only to convicted inmates. *See Carlton v. Fearneyhough*, 2008 WL 686595, at *2 (5th Cir. Mar. 12, 2008); *Ellis v. Rushing*, 2014 WL 1276501, at *2 (S.D. Miss. Mar. 27, 2014). Plaintiff does not appear to be serving a prison sentence.

Plaintiff also cites to the "Federal Privacy Act" as one of the bases of his claims; however, he fails to allege any facts in support of this claim. Presumably, Plaintiff is referencing the Privacy Act found at 5 U.S.C. § 552a *et seq.*, which protects the privacy of records maintained on individuals. To maintain a suit for damages under the catch-all provision of 5 U.S.C. § 552a(g)(1)(D) for a violation of the Act's central prohibition against disclosure, § 552a(b), a plaintiff must allege: (1) the information is covered by the Act as a "record" contained in a "system of records"; (2) the agency "disclose[d]" the information; (3) the disclosure had an "adverse effect" on the plaintiff (an element which separates itself into two components: (a) an adverse effect standing requirement and (b) a causal nexus between the disclosure and the adverse effect); and (4) the disclosure was "willful or intentional." *Quinn v. Stone*, 978 F.2d 126, 131 (3d Cir. 1992).

Plaintiff does not allege facts to support any of the elements of a Privacy Act claim. The mere recital of the Privacy Act in the original complaint, without more, fails to state a federal

claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). He does not allege nor identify any records that would be covered by the Privacy Act. Furthermore, to have standing to sue under the Privacy Act, plaintiff must allege that he suffered an "adverse effect" as a result of the defendant's conduct. *Doe v. Chao*, 540 U.S. 614, 624 (2004). Plaintiff fails to allege any adverse effect. Moreover, the Privacy Act does not create a cause of action against an individual employee of a federal agency. *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir. 1989); *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). Rather, the Act provides a cause of action against only the "agency." *Id.* Plaintiff names various individuals and the Singing River Hospital as defendants in his lawsuit. He does not name a covered agency.

In addition to the claims and allegations in the original complaint, Plaintiff has filed three motions, which the Court construes as motions to amend his complaint in response to the Court's order of August 20, 2020. As will be explained, the allegations in these motions to amend do not confer subject-matter jurisdiction. In the first motion, filed on September 8, 2020, Plaintiff alleges certain Defendants conspired to "put something inside Plaintiff's (body) Joel B. Attia in Singing River Hospital" by way of an unauthorized surgery. He further alleges all parties were watching Plaintiff's room through cameras. Doc. [10]. He asserts that the change of surgery without Plaintiff's knowledge constitutes cruel and unusual punishment. As explained previously, Plaintiff cannot sue under the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff does not identify any federal question or allege diversity jurisdiction in his motion to amend.

In the second motion, Plaintiff seeks to add as a defendant Integrated Pain Management of Alabama (IPMA). Doc. [16]. He alleges IPMA allowed Defendants to come inside his room

3

and film him, in violation of HIPAA. He further alleges Dr. Manchikes at IPMA stopped Plaintiff's medications and prevented him from being seen at the clinic. The undersigned recommends that Plaintiff's motion be denied because it attempts to join a new defendant for what appears to be similar but unrelated conduct. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Hilton v. Pickell*, 2016 WL 1165433, at *3 (E.D. Mich. Mar. 25, 2016); *Tuft v. Chaney*, 2006 WL 2247813, at *1 (S.D. Tex. Aug. 4, 2006); *see also Patton v. Jefferson Corr. Center*, 136 F.3d 458, 464 (5th Cir. 1998) (recognizing that § 1915 intended to prevent creative joinder of actions). A district court has discretion under Rule 20 of the Federal Rules of Civil Procedure to control the scope of a lawsuit by limiting the number of defendants a plaintiff may bring into court in a particular case. *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969). Moreover, Plaintiff fails to allege any claims against IPMA that would give rise to federal subject-matter jurisdiction. Although he cites HIPAA, as noted earlier, HIPAA does not confer jurisdiction. Although IPMA appears to be a diverse party, based on its location in Alabama, adding IPMA does not create diversity jurisdiction, because the other named defendants are Mississippi residents, as is Plaintiff.

In his third motion, Plaintiff seeks to add claims of terrorism against all the Defendants. Doc. [22]. Plaintiff's one-sentence motion merely states: "All defendants will also be charged with terrorism on United States soil." Plaintiff's motion should be denied because it fails to identify a cognizable claim. He fails to cite to any statute or allege any facts that would give rise to a claim of terrorism. Liberally construed, Plaintiff attempts to assert a claim under the Antiterrorism Act (ATA). The ATA provides a civil action for treble damages to "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs." 18 U.S.C. § 2333(a). Plaintiff

has not alleged any facts demonstrating that he has been injured by an act of international terrorism.

Based on the foregoing, the undersigned finds Plaintiff has not stated a claim asserting federal question jurisdiction. Accordingly, if this Court has subject-matter jurisdiction at all, it would be based on diversity of citizenship. Federal district courts have subject-matter jurisdiction over a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Courts apply the phrase "citizens of different states" to require complete diversity between the parties. *E.g., Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). In his complaint, Plaintiff indicates he resides in Moss Point, Mississippi. Defendants likewise are alleged to be residents of Mississippi. Complete diversity of citizenship is lacking; therefore, Plaintiff has failed to demonstrate subject-matter jurisdiction on this basis as well.

In addition to lacking subject-matter jurisdiction, Plaintiff's complaint should be dismissed as frivolous. A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A claim is factually frivolous when the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional" or when they "rise to the level of the irrational or the wholly incredible." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

In this case, the best evidence demonstrating factually frivolous and delusional claims is Plaintiff's most recent motion; wherein, he seeks permission "to call Kim, Kloe, and Kourtney,

5

Kylie Jenner and Kardashian" (Kardashians). Doc. [23]. According to Plaintiff, it has come to his attention that the Kardashians are watching him, "and have used a product that [he] was going to use." *Id.* The alleged watchfulness "may have started on Sept 3, 2013." *Id.; see Kimberly v. Kardashian*, 2012 WL 3257857, at *2 (W.D. La. 2012) (dismissing as delusional a complaint claiming Kim Kardashian assaulted complainant after he saw her making a sex tape). Plaintiff has filed other pleadings that contain instances of delusional allegations. *See* Doc. [1] [10] [11] [13] [14] [15] [17] [18]. For example, he alleges Defendants surgically implanted unidentified and unauthorized items in his body; he has been administered rat poison and liquid fire; he is being followed constantly by Defendants and the FBI; the Defendants have committed acts of terrorism on U.S. soil; Plaintiff has been subjected to unremitting video surveillance for the last seven years, including by use of cameras linked to computers; and Court staff has been delivering messages for Defendants. *See McCastle v. United States*, No. 4:15CV420, 2016 WL 7496170, at *2 (E.D. Tex. Nov. 15, 2016) ("Allegations suggesting bizarre conspiracy theories, fantastic government manipulations of their will or mind, and any sort of supernatural interventions are dismissible [for lack of subject matter jurisdiction].").

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed for failing to demonstrate subject-matter jurisdiction and, in the alternative, that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that Plaintiff's Motions to Amend [10] [16] [22] be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time

period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 30th day of November 2020.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE