IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOEL B. ATTIA                                                                                    PLAINTIFF

v.                                                                      CAUSE NO. 1:20CV211-LG-RPM

DAVID JACKSON, et al.                                                                       DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** are the [28] Report and Recommendations entered by Magistrate Judge Robert P. Myers, Jr. on November 30, 2020. Judge Myers recommends that the instant lawsuit be dismissed for lack of subject-matter jurisdiction and as frivolous under 28 U.S.C. § 1915(e)(2). Plaintiff filed timely [31] Objections.

A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); 28 U.S.C. § 636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

In his Report and Recommendation, the Magistrate Judge surveyed Plaintiff's Complaint and found no jurisdictionally adequate federal claim. (R.&R., 1-5, ECF No. 28). Instead, the Magistrate Judge found that Plaintiff's claims under HIPAA, the Eighth Amendment, the Federal Privacy Act, 5 U.S.C. § 552a *et seq.*, and the Antiterrorism Act, 18 U.S.C. § 2333, were wrought with pleading

deficiencies and failed to give rise to federal question jurisdiction. In his lengthy objections thereto, Plaintiff omits any discussion of these issues. Instead, Plaintiff details his allegations regarding cameras, lasers and poisons placed throughout his home and various other locations in Moss Point, Mississippi. (*See generally* Obj. R.&R., ECF No. 31). These dubious factual allegations fail to rectify the pleading errors noted by the Magistrate Judge and fail to create federal question jurisdiction.

Plaintiff attempts to create diversity jurisdiction with allegations that he "also has a residence in Alabama." (Obj. R.&R., 2, ECF No. 31). However, "'[d]omicile' is not necessarily synonymous with 'residence,' . . . and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Further, a person can only have one domicile at a time for purposes of diversity jurisdiction. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 451 (5th Cir. 2003) ("The general rule is that '[a] person has only one domicile at a particular time.' . . . However, more specifically, the rule is that a person may not have more than one domicile at a time 'at least for the same purpose.'") (citations omitted). Plaintiff does not provide any evidence that this additional residence in Alabama is his "domicile," at least not enough to contradict his self-described domicile in Moss Point, Mississippi. (*See* Compl., 1, ECF No. 1).

The Magistrate Judge also found that certain bizarre and delusional allegations warranted dismissal under 28 U.S.C. § 1915(e)(2). This requires the court to "dismiss the case at any time if the court determines that—. . . (B) the action or appeal—(i) is frivolous or malicious." "[A] finding of factual frivolousness

is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A factually frivolous complaint is made up of 'allegations that are fanciful, fantastic, and delusional.'" *Barnes v. United States*, 800 F. App'x 284, 286 (5th Cir. 2020) (quoting *Denton*, 504 U.S. at 32-33). Plaintiff's numerous allegations of hidden cameras (*See generally* Obj. R.&R., ECF No. 31), allegedly planted throughout Moss Point, some for the production of child pornography (*Id.* at 19-20), as well as his allegations of a supercomputer inside his body (*Id.* at 9-10), heat lasers (*Id.* at 17-19), and poisons contaminating his personal items (*Id.* at 10-11, 24-25), have persuaded the Court that this action should be dismissed with prejudice as frivolous.[1]

Finally, the Court has reviewed Plaintiff's most recent [30] Motion to Amend, filed after the Magistrate Judge issued the instant Report and Recommendations, in which Plaintiff seeks to "add[] a charge of conspiracy to kill, and a charge of taking a kidney without [his] knowledge to the original Complaint." (Mot., 1, ECF No. 30). The Court finds that this additional claim, although unclear, does not state a claim which corrects the aforementioned jurisdictional issues.

---

[1] Plaintiff also attached to his Objections a series of photographs which allegedly support these incredible allegations. (*See generally* Photographs, ECF No. 31-2). The photographs which depict, for instance, Plaintiff's laser injuries and contaminated hair products are unaccompanied by medical evidence and do not surmount the otherwise fanciful nature of the allegations. Other filings made by Plaintiff, including a [23] Motion to Call Kim, Kloe, Kourtney, Kylie Jenner and Kardashian for "watching" Plaintiff and "us[ing] a product that [he] was going to use," further support the frivolous nature of this action.

-4-

Having conducted the required *de novo* review of the record,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [28] Report and Recommendations are **ADOPTED** as the opinion of this Court. This lawsuit is **DISMISSED WITH PREJUDICE** as frivolous and for lack of subject-matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 16th day of December, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE